# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| NICOLE JONES, | Case No. 1:19-cv-01049-SAB |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN MATTER TO DISTRICT JUDGE |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |
| | (ECF Nos. 2, 4) |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

On July 31, 2019, Nicole Jones ("Plaintiff") filed the complaint in this action seeking judicial review of the final decision of Defendant Commissioner of Social Security ("Defendant") denying her application for benefits under the Social Security Act. (ECF No. 1.) Plaintiff also filed an application to proceed *in forma pauperis* without prepayment of the filing fee on the same day. (ECF No. 2.) The Court reviewed Plaintiff's application to proceed *in forma pauperis* and found that it appeared that Plaintiff was not entitled to proceed without prepayment of fees. (ECF No. 3.) Plaintiff was ordered to file a long form application to proceed without prepayment of fees. (Id.) Currently before the Court is Plaintiff's long form application to proceed in this action without prepayment of fees. (ECF No. 4.)

In order to proceed in court without prepayment of the filing fee, Plaintiff must submit an

1

1 affidavit demonstrating that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The right to proceed without prepayment of fees in a civil case is a privilege and not a right. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of *in forma pauperis* status does not violate the applicant's right to due process"). A plaintiff need not be absolutely destitute to proceed *in forma pauperis* and the application is sufficient if it states that due to his poverty he is unable to pay the costs and still be able to provide himself and his dependents with the necessities of life. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the district court's discretion. Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th Cir. 2015).

As Plaintiff was previously advised in assessing whether a certain income level meets the poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services. See, e.g., Paco v. Myers, No. CIV. 13-00701 ACK, 2013 WL 6843057 (D. Haw. Dec. 26, 2013); Lint v. City of Boise, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein).

Plaintiff's original application states that she relies on her husband for support and no other person depends upon Plaintiff for support. Based on the income reported which was $1,792.00 per month, Plaintiff's household income was $21,504.00 per year. Further, Plaintiff indicated that they own their mobile home and their automobile. The 2019 Poverty Guidelines for the 48 contiguous states for a household of two is $16,910.00. 2019 Poverty Guidelines, http://aspe.hhs.gov/poverty/19poverty.cfm (last visited August 1, 2019). Based on the information provided, the Court found that it did not appear that Plaintiff is entitled to proceed without prepayment of fees in this action.

In her current application, Plaintiff indicates that her husband receives $1,792.00 in retirement and $1,160.00 in worker's compensation benefits for a total of $2,952.00 per month. (ECF No. 4 at 2.) Therefore, rather than a yearly income of $21,504.00, the household income is

$35,424.00 approximately double the poverty guideline level for a family of two. The monthly expenses for the family are $1,954.00 leaving them with approximately $1,000.00 of additional monies each month. (Id. at 4-5.) Further, the application demonstrates that all expenses for Plaintiff are paid out of the family income indicating that Plaintiff has access to these funds. Based on the current application, the court finds that Plaintiff has the ability to pay the filing fee in this action without being deprived of the necessities of life and is not entitled to proceed without prepayment of fees in this action.

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed without prepayment of fees be denied and Plaintiff be ordered to pay the $400.00 filing fee in this action.

The Clerk of the Court is HEREBY DIRECTED to randomly assign this action to a district judge.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 15, 2019**

UNITED STATES MAGISTRATE JUDGE