# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:19-cv-01049-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO PAY FILING FEE<br><br>(ECF No. 8)<br><br>FOURTEEN DAY DEADLINE |

On July 31, 2019, Nicole Jones ("Plaintiff") filed the complaint in this action seeking judicial review of the final decision of the Commissioner of Social Security ("Defendant") denying her application for benefits under the Social Security Act. (ECF No. 1.) Along with her complaint, Plaintiff filed an application to proceed *in forma pauperis* in this matter. (ECF No. 2.) On August 1, 2019, the undersigned reviewed Plaintiff's application to proceed *in forma pauperis* and found that Plaintiff's application did not show that she was entitled to proceed without prepayment of fees in this action. (ECF No. 3.) The August 1, 2019 order required Plaintiff to submit a long form application to proceed without prepayment of fees within thirty days. (Id.)

On August 14, 2019, Plaintiff submitted a long form application to proceed without prepayment of fees. (ECF No. 4.) Upon review of the long form application, findings and recommendations issued on August 15, 2019, recommending denying Plaintiff's application to

proceed in this action without prepayment of fees. (ECF No. 5.) Plaintiff was provided with notice of the findings and recommendations and that any objections to the findings and recommendations were to be filed within fourteen days. (Id.) Plaintiff did not file objections but on September 3, 2019, a motion for an extension of time to pay the filing fee was filed. (ECF No. 6.) Plaintiff's motion for an extension of time to pay the filing fee was denied as premature on September 4, 2019. (ECF 7.) On October 23, 2019, the findings and recommendations was adopted and Plaintiff was ordered to pay the filing fee in this matter within thirty days. (ECF No. 8.) More than thirty days have passed and Plaintiff has not paid the filing fee or otherwise responded to the Court's October 23, 2019 order.

Here, Plaintiff was ordered to pay the filing fee within thirty days of October 23, 2019 and she has not done so. Rule 110 of the Local Rules of the United States District Court for the Eastern District of California provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

Plaintiff was advised in the October 23, 2019 order that her failure to pay the filing fee would result in dismissal of this action without prejudice subject to refiling upon prepayment of the filing fee. (ECF No. 8 at 2.)

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed without prejudice for Plaintiff's failure to pay the filing fee; and

2. Should Plaintiff refile this action she should be required to prepay the full filing fee.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, any party may file written objections to this

2

findings and recommendations with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 26, 2019**

UNITED STATES MAGISTRATE JUDGE